523 S.E.2d 547

**STATE of West Virginia ex rel.
Paul FARMER, Petitioner
Below, Appellant,**

v.

**George TRENT, Warden, Mount Olive
Correctional Complex, Respondent
Below, Appellee.**

No. 25855.

Supreme Court of Appeals of
West Virginia.

Submitted Sept. 21, 1999.

Decided Nov. 5, 1999.

Gregory L. Ayers, Deputy Public Defender, Office of the Public Defender, Charleston, West Virginia, Attorney for the Appellant.

Kristen L. Keller, Chief Deputy Prosecuting Attorney for Raleigh County, Beckley, West Virginia, Attorney for Appellee.

PER CURIAM:

This case is before the Court upon appeal of Paul Farmer from the August 28, 1997, final order of the Circuit Court of Raleigh County, West Virginia,[1] wherein the lower court set aside its September 26, 1996, order appointing counsel to represent the Appellant and dismissed the Appellant's pro se petition for habeas. The Appellant argues that the circuit court erred: 1) in dismissing his pro se petition and denying him his right to have appointed counsel file an amended habeas corpus petition; and 2) in denying him counsel and an omnibus hearing, because his habeas pleadings indicated that there were significant issues[2] regarding the denial of his constitutional rights to an impartial judge as well as a fair and impartial jury.[3] Having reviewed the record, the parties' briefs and arguments, as well as all other matters submitted before this Court, we find that the lower court did not err in its decision. Accordingly, we affirm.

## I.

On June 11, 1992, the Appellant was convicted, after a jury trial, of first degree murder, kidnaping and conspiracy. The jury recommended mercy on the murder and kidnaping convictions. The Appellant was sentenced on July 7, 1992, to two consecutive life

---

1. The Honorable John A. Hutchison, Judge of the Tenth Judicial Circuit, presided over the habeas corpus proceeding, while the Honorable Robert Burnside, Judge of the Tenth Judicial Circuit, presided over the underlying criminal trial.

2. None of the issues that the Appellant would have asserted in his amended petition for habeas corpus relief were actually made by the Appellant in the pro se petition for habeas corpus relief or in the pro se petition for appeal from the habeas corpus proceeding filed with this Court. As we stated in *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981),

    a petition for a writ of habeas corpus filed pro se must specifically state in detail the underlying facts that support the claim. A mere recitation of any ... grounds without detailed factual support does not justify the issuance of a writ, the appointment of counsel, and the holding of a hearing.

    *Id.* at 771, 277 S.E.2d at 612.

3. While the Appellant assigns two errors in his brief, those two assignments are basically the same. Therefore, they will be addressed as one issue by this Court. It is also significant to note that the Appellant's argument before the lower court and in the petition for appeal from the habeas proceeding before this Court was not that the jury was impartial, but rather that "[w]ithout any objection from the defense counsel, the trial court violated petitioner's state and federal constitutional rights under the fifth, sixth, and fourteenth amendments by having a one on one discussion with a member of the jury out of the presence of the petitioner and his counsel." We address the issue of the impartiality of the jury only because it was indirectly addressed by the lower court in its ruling on the ex parte communication issue raised by the Appellant below. Finally, the other assigned errors initially raised in the Appellant's pro se petition for appeal are hereby waived because they were neither assigned nor argued in the Appellant's brief. *See* Syl. Pt. 6, *Addair v. Bryant*, 168 W.Va. 306, 284 S.E.2d 374 (1981) ("Assignments of error that are not argued in the briefs on appeal may be deemed by this Court to be waived.").

terms with mercy on the murder and kidnaping counts and to a concurrent term of one to five years on the conspiracy count. The Appellant's convictions and concomitant sentences were affirmed by this Court in *State v. Farmer*, 191 W.Va. 372, 445 S.E.2d 759 (1994).

Subsequently, the Appellant filed a pro se petition for writ of habeas corpus on May 2, 1996. By order entered September 26, 1996, the court appointed [4] attorney Thomas K. Patterson to represent the Appellant in the habeas proceeding and directed the attorney to file an amended petition for writ of habeas corpus on the Appellant's behalf within ninety days. Mr. Patterson failed to file an amended petition as ordered. On January 14, 1997, Mr. Patterson filed a motion seeking an indefinite continuance of the ninety day deadline due to the "voluminous nature of the transcripts in this case...."

On February 25, 1997, the State filed a motion to set aside the order 'appointing counsel and to refuse the petition for post-conviction habeas corpus relief. By order entered August 28, 1997, the court found that prior to the initial appointment of counsel for the habeas proceeding, "pursuant to West Virginia Code § 53–4A–4(a),[5] no finding has been made by the Circuit Court of Raleigh County that the petition was filed in good faith and has merit and is not frivolous." [6] Further, "this Court is required to exercise

its discretion and review the petition and in the event the petition does not have merit, the Court is required to dismiss the petition and not appoint counsel." In addressing the juror issue assigned by the Appellant as error in the instant case, the lower court specifically found that:

6. A review of the assignment as contained in Assignment "A", which relates to the Court's questioning of a juror outside the presence of the defendant reveals that not only was the same appropriate, under *State vs. Daniel*, [182 W.Va. 643,] 391 S.E.2d 90[,][]95 [(1990)] and *State vs. Allen*, [193 W.Va. 172,] 455 S.E.2d [5][4]1 [(1994)], but the trial record further reveals that the defendant knowingly, by and through counsel, demanded that the juror remain and objected to a motion for the removal of the juror, all of which constitutes a waiver pursuant to the post-conviction habeas conviction statute.

The lower court then concluded that

the petitioner is entitled to no relief and that the contentions and grounds, in fact and/or law advanced, have been previously and finally adjudicated or have been waived. In the instance of Assignments "A" through "C", the issues raised therein could have been, and probably might have been, resolved on direct appeal. It appearing to the Court that a conscious deci-

---

4. Even though the order indicates that a hearing was conducted prior to the appointment of counsel, the State maintains that no such hearing occurred. Further, the State indicated that "as was formerly the practice in Raleigh County—the State was given no notice or opportunity to be heard[,]" prior to the appointment of counsel.

5. West Virginia Code § 53–4A–4(a) (1994) provides:

(a) A petition filed under the provisions of this article may allege facts to show that the petitioner is unable to pay the costs of the proceeding or to employ counsel, may request permission to proceed in forma pauperis and may request the appointment of counsel. If the court to which the writ is returnable (hereinafter for convenience of reference referred to simply as 'the court,' unless the context in which used clearly indicates that some other court is intended) is satisfied that the facts alleged in this regard are true, and that the petition was filed in good faith, and has merit

or is not frivolous, the court shall order that the petitioner proceed in forma pauperis, and the court shall appoint counsel for the petitioner.... If it is determined that ... the petition was filed in bad faith or is without merit or is frivolous, or that review is being sought or prosecuted in bad faith or the grounds assigned therefor are without merit or are frivolous, the request to proceed in forma pauperis and for the appointment of counsel shall be denied and the court making such determination shall enter an order setting forth the findings pertaining thereto and such order shall be final.

*Id.*

6. "West Virginia Code section 53–4A–7(c) (1994) requires a circuit court denying or granting relief in a habeas corpus proceeding to make specific findings of fact and conclusions of law relating to each contention advanced by the petitioner, and to state the grounds upon which the matter was determined." Syl. Pt. 1, *State ex rel. Watson v. Hill*, 200 W.Va. 201, 488 S.E.2d 476 (1997).

sion was made relative to those issues. It is presumed that the petitioner made a knowing and intelligent waiver, and therefore, there being no grounds raised in the Petition for Writ of Habeas Corpus to rebut that presumption, contentions "A", "B" and "C" are deemed to have been waived.

## II.

■■■ The only issue before the Court is whether the circuit court erred in dismissing the Appellant's pro se habeas petition, without affording the Appellant his right to have appointed counsel file an amended petition,[7] denied him his right to counsel, due process, and a fair hearing under the post-conviction habeas corpus statute.[8] The Appellant maintains that had he filed the amended petition **he would have argued** that he was denied his constitutional right to a fair and impartial jury.[9] In contrast, the State argues that the Appellant is not entitled to appointed counsel or further proceedings unless the court first finds that the petition sets forth grounds upon which the petitioner may be entitled to relief. The State asserts that the lower court correctly found that there was no basis for awarding the Appellant habeas corpus relief.

■■■ It is indisputable that it is within a trial court's sound discretion to deny a habeas corpus petition without appointing counsel or conducting an omnibus hearing. As the Court has previously held:

> [a] court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed there-

---

7. Appellant's appointed counsel was given 90 days in which to file an amended petition, but failed to do so within the time frame.

8. *See* W. Va.Code §§ 53–4A–1 to –11 (1994).

9. The Appellant asserts that he also would have raised the following issues in an amended petition for habeas corpus relief: 1) the trial judge's personal relationship with the prosecutor disqualified him from sitting in the case, assuming that counsel investigated this claim and found sufficient evidence to support it; and 2) the Appellant was denied his right to counsel when the court ordered his counsel not to discuss his testimony with him during a weekend recess in the trial, after the State's cross-examination had begun.

Regarding the Appellant's assertion that the circuit judge should have disqualified himself from sitting on his case due to the judge's personal relationship with the prosecutor, the recusal motion filed by the Appellant during the underlying trial only raises the judge's prejudice against the Appellant as a result of the trial judge presiding over the trial of the Appellant's co-defendant. The Appellant never raised the personal relationship issue with the underlying trial judge. Finally, the Appellant has never offered any factual basis for such an assertion. Because the Appellant has never specifically stated in detail the underlying facts supportive of the claim and because the Appellant never brought the issue before the lower court, we deem it waived. *See Losh,* 166 W.Va. at 771, 277 S.E.2d at 612.

Regarding the issue of whether the Appellant was denied his right to counsel when the trial court ordered the Appellant's trial counsel not to discuss the Appellant's testimony during a weekend recess, it is significant to note that the lower court did not preclude the Appellant and his counsel from discussing "future conduct of the trial [and] strategies" during the recess. Moreover, there was no objection by the defense to this ruling and it was not even assigned as error in the Appellant's brief before this Court, but merely asserted in passing. This Court recently stated in dicta in *State. ex rel. Means v. King,* 205 W.Va. 708, 520 S.E.2d 875 (1999), that "it is clear that a criminal defendant enjoys the right to confer with his attorney during the course of his trial testimony." *Id.* at 715, 520 S.E.2d at 882. In making this statement, the Court relied upon the decision of the United States Supreme Court in *Geders v. United States,* 425 U.S. 80, 96 S.Ct. 1330, 47 L.Ed.2d 592 (1976). In *Geders,* the Supreme Court held that "an order [in a criminal trial] preventing petitioner from consulting his counsel 'about anything' during a 17–hour overnight recess between his direct-and cross-examination impinged on his right to the assistance of counsel guaranteed by the Sixth Amendment." *Id.* at 91, 96 S.Ct. 1330. In the *Geders* case, the defendant objected to the court's ruling at trial and raised the issue on appeal. *See id.* at 82–83 and 86, 96 S.Ct. 1330. In the instant case, however, the lower court's ruling was not as encompassing as that made in the *Geders* case. Further, the trial court did not prohibit the Appellant from conferring with his attorney during the course of trial. Because there was no objection raised, no assignment of error made and plain error is not apparent from the record, we conclude that any alleged error regarding the trial court's ruling on this issue has been waived.

, with show to such court's satisfaction that the petitioner is entitled to no relief.

Syl. Pt. 1, *Perdue v. Coiner,* 156 W.Va. 467, 194 S.E.2d 657 (1973).

With respect to the issue of whether, in a particular case, the petitioner is entitled to a full evidentiary hearing, the ultimate question to be decided by the court is whether the petitioner has had a full and fair hearing at some stage of the proceeding with respect to the contentions raised in his petition. If the facts were sufficiently developed at or before trial so that the court can rule on the issue presented without further factual development, the court may, in its discretion, decline to conduct an evidentiary hearing during the habeas proceeding and may rule on the merits of the issues by reference to the facts demonstrated on the record.

*Gibson v. Dale,* 173 W.Va. 681, 689, 319 S.E.2d 806, 814 (1984).

We begin by examining the record that the lower court had before it when it dismissed the habeas corpus petition, to determine whether the lower court abused its discretion by dismissing the petition without appointing counsel and conducting an omnibus hearing. In our review, we must ascertain whether the lower court had a sufficiently developed factual record so that it could properly rule on the merits of whether the Appellant was denied his constitutional rights to an impartial jury.

According to the record, a few days after trial began, Juror Brown's father informed the trial judge that his daughter had been receiving annoying hang-up phone calls [10] and had been advised by her physician that she should not return to court. The trial judge advised the parties that Juror Brown's ability to continue to serve would need to be addressed and that he had directed her to report to his office. Neither the State nor the Defendant objected.

Upon Juror Brown's arrival to the judge's office, the judge announced to the parties: "I need to have a meeting with Ms. Brown, one of the jurors. And after we—after I meet with her, you all might want to ask her a few

questions, too." Again, neither the State nor the defense objected. The attorneys, as well as the Defendant, exited chambers, and a brief preliminary inquiry of the juror by the judge was placed on the record. The parties then returned to chambers, and the judge repeated to them the conversation he had just finished with Juror Brown.

Upon being questioned by the prosecutor and defense counsel, Juror Brown indicated the following: 1) that she did not think she would be a fair juror, because she did not want to decide the case; 2) that she would not be able to reach a verdict based on the evidence and the court's instruction; 3) that she knew witnesses in the case and knowing these witnesses upset her; 4) that she did not want to sit as a juror and decide the case or hear any more evidence; 5) that her verdict might be influenced by the fact she might see one of the witnesses on the street or in her neighborhood; 6) that she had heard about the case in the newspaper, on TV, and had talked with black people; and 7) that she did not think she could put the things she had heard out of her mind and decide the case based solely upon the evidence. The juror also testified, however, that there had been no outside influence that had changed her mind about sitting on the jury. According to Juror Brown, the only thing that had changed was that because she knew some of the individuals involved in the case, she did not want to decide the matter.

Following the extensive voir dire of Juror Brown, defense counsel stated that

we do not want this juror being excuse. She's upset about the evidence because she knows the people involved, but she did say no outside influences caused her to change her opinion. She was qualified at the start of the trial and, in my opinion, she should remain qualified. If you are going to dismiss her, Your Honor, I think that would be highly prejudicial to the defendant; and if you're going to do that, then let's have a mistrial and start over sometime, but I don't think she's given us grounds to dismiss her.

10. No threats were ever conveyed to either the juror or a member of her family.

When the trial judge expressed concern that Juror Brown was not qualified because there were things she could not exclude from her consideration of the evidence, defense counsel once again stated, "you're looking at a black defendant, black witnesses, and I've got very few black jurors." Defense counsel reiterated, "I'm not going to move to excuse her," and added, "if [the court] were to exclude her, you know, my only remedy at that point in time would be to move for a mistrial. I don't want to go forward with, you know, having her off the jury." Defense counsel argued that Juror Brown had indicated during early voir dire that she "didn't want to find him [the Appellant] guilty" and "that was a benefit to my client."

The court ultimately denied the State's motion to remove Juror Brown from the jury panel. The State later renewed the challenge to Juror Brown, expressing concern that defense counsel may not be able to waive the potential impartiality asserted by the juror. The trial court refused to remove the juror once again.

It is clear from the record that defense counsel vehemently objected to the removal of the juror. The exact reasoning for why defense counsel used the strategy he used in refusing to allow the juror to be removed is also abundantly clear from the record. Consequently, there was certainly sufficient development of the record during the underlying trial for the lower court to make a determination in the habeas corpus proceeding on whether the Appellant was entitled to habeas corpus relief arising out of the juror issue without appointing counsel and conducting an omnibus hearing. *See* Syl. Pt. 1, *Perdue*, 156 W.Va. at 467, 194 S.E.2d at 658.

■ Additionally, we cannot find that the Court erred in concluding that any error involving this juror had been waived by the Appellant due to the Appellant adamantly insisting that the juror not be dismissed. This Court has long-standing precedent that " '[a] judgment will not be reversed for any error in the record introduced by or invited by the party asking for the reversal.' Syllabus Point 21, *State v. Riley*, 151 W.Va. 364, 151 S.E.2d 308 (1966)." Syl. Pt. 1, *State v.*

*Knuckles*, 196 W.Va. 416, 473 S.E.2d 131 (1996).

## III.

Based on the forgoing, this Court concludes that the lower court committed no error in dismissing the Appellant's petition for habeas corpus relief without appointing counsel and conducting an omnibus hearing. Accordingly, the circuit court's decision is hereby affirmed.

Affirmed.

Judge RISOVICH, sitting by temporary assignment.

Justice SCOTT did not participate.