## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

Cleve H. Messer,
Petitioner Below, Petitioner

**FILED**

**April 29, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

vs)  No. 15-0423 (Logan County 03-C-378)

David Ballard, Warden,
Mount Olive Correctional Complex,
Respondent Below, Respondent

## MEMORANDUM DECISION

Petitioner Cleve H. Messer, by counsel Timothy R. Conaway, appeals the Circuit Court of Logan County's order denying his petition for a writ of habeas corpus, entered on April 9, 2015. Respondent David Ballard, Warden, Mount Olive Correctional Complex, by counsel Shannon Frederick Kiser, filed a response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

### Factual and Procedural Background

Petitioner was indicted in May of 1996 on one count of first degree murder and two counts of first degree sexual assault. Petitioner was accused of rendering his female victim unconscious with a blow to her head, sexually assaulting her, and slitting her throat. Petitioner retained attorney Timothy Koontz to represent him. After extensive discovery, investigation, and continuances at petitioner's request, the matter proceeded to a jury trial in November of 1997. However, after two days of jury selection, the parties announced to the circuit court that they had reached a plea agreement, whereby petitioner would plead guilty to first degree murder, and in exchange, the State agreed to dismiss the two sexual assault charges and recommend petitioner receive mercy at sentencing. The agreement was not binding on the circuit court.

On November 12, 1997, the parties appeared before the circuit court and petitioner tendered his guilty plea pursuant to the agreement. The parties presented the terms of the agreement to the circuit court and petitioner confirmed that he understood them. The circuit court proceeded to question petitioner regarding his plea, and petitioner confirmed that he understood the waiver of his rights. Petitioner also confirmed his satisfaction with Mr. Koontz's representation. Petitioner specifically acknowledged that, although the State would make a

recommendation of mercy, sentencing was in the sole discretion of the court. When asked to explain the factual basis for his guilty plea, petitioner responded, "Your honor, I'd like to say that I am guilty of Count One of the indictment on this." The State then proffered the evidence as follows:

> On a late evening/early morning hours of April 3, 1996, the Defendant left the Star Dust Lounge in Logan County accompanied by Johnny Ray Ball, Jessie Elliott, and Judy Gore. He dropped Johnny Ray Ball off at the Logan Motor Lodge, dropped Jessee Elliott off at his home in Ethel, and proceeded with Judy Gore to Blair Mountain where it is the State's position that she was rendered unconscious by a blow to the head, dragged from Defendant's vehicle to a clearing and basically a roadside garbage dump, her clothes were cut from her body, and she was sexually assaulted and her throat was slit. The laceration of the victim's throat was the injury that resulted in her death.

Petitioner acknowledged his understanding of the State's factual basis for the first degree murder charge, and stated that the factual basis as proffered was the factual basis to which he was admitting. Petitioner then tendered his guilty plea to first degree murder.

In late December of 1997, prior to sentencing, petitioner submitted a pro se request to withdraw his guilty plea. The basis of petitioner's request was that, after he tendered his plea, Logan County Prosecuting Attorney John G. Sims was quoted in the *Logan Banner* as saying that petitioner's plea would result in a life sentence without the possibility of parole. Petitioner believed that the prosecutor's quote in the newspaper evidenced that there was a misunderstanding of the plea agreement, and asked the circuit court to set aside his guilty plea and to discharge Mr. Koontz as his counsel. In response, the circuit court discharged Mr. Koontz and appointed attorney Matthew Victor, who filed a motion seeking to have petitioner's guilty plea set aside.

The circuit court held a hearing on petitioner's motion to set aside his plea in early 1998. At this hearing, petitioner asserted that he was coerced into pleading guilty by Mr. Koontz and that he was innocent of the charges. Petitioner further asserted that he saw the victim in the company of Rodney Rhodes, a younger relative of petitioner, prior to the crime, and that Mr. Rhodes was later seen with blood on his pants. Petitioner stated that his mother was in possession of Mr. Rhodes's pants throughout the proceedings, unbeknownst to Mr. Koontz or the State.[1] In denying petitioner's motion, the circuit court found that petitioner had engaged in the proper plea colloquy with the court prior to tendering his guilty plea, and that petitioner's guilty plea was made knowingly, intelligently, and voluntarily. The court further found petitioner's new claim of innocence – that he withheld evidence to protect a younger family member – was without merit and did not provide a just basis for the withdrawal of petitioner's guilty plea.

A sentencing hearing was held on August 26, 1998, at which the State recommended that petitioner be granted mercy, consistent with the plea agreement. The court also heard from a

---

[1] Apparently, at some point which is unclear, petitioner's mother's house burned and the pants were destroyed.

member of the victim's family, reviewed the pre-sentence investigation, the police report, and the coroner's report. The circuit court found that petitioner showed no remorse for his actions, and sentenced him to life in prison without the possibility of parole. Petitioner appealed the circuit court's denial of his motion to withdraw his guilty plea to this Court on October 27, 1998, which this Court refused by order on March 23, 1999.

Petitioner filed a pro se petition for a writ of habeas corpus on November 4, 2003, and was subsequently appointed counsel, who filed an amended petition on May 20, 2004. Petitioner claimed (1) that he was misled into the plea agreement by a promise of mercy; (2) that his counsel was ineffective; (3) that counsel did not secure witnesses to corroborate petitioner's claim of innocence; (4) that counsel did not pursue DNA testing of the blood on Mr. Rhodes's jeans; (5) that he had inadequate time to consider the plea agreement; (6) that counsel did not consider petitioner's prior head injury as affecting his competence; (7) that counsel inappropriately informed petitioner that the victim's blood was on petitioner's knife; (8) that counsel coerced him into the plea agreement; and (9) that counsel's advice to plead guilty was deficient given that petitioner had been previously convicted of murdering a twelve-year-old girl. By order entered on April 9, 2015, the circuit court addressed each of petitioner's claims and denied the habeas petition without an omnibus hearing. The circuit court found that the underlying record and the plea hearing transcript provided a sufficient basis to reject each of petitioner's claims.[2] Petitioner now appeals to this Court.

**Discussion**

We review the denial of a petition for a writ of habeas corpus under the following standard:

In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006). Additionally, we have held that "[o]n an appeal to this Court the appellant bears the burden of showing that there was

---

[2] Petitioner also raised the following grounds for habeas relief: denial of the right to a speedy trial; incapacity to stand trial due to drug usage; coerced confessions; suppression of helpful evidence by the prosecutor; the State's knowing use of perjured testimony; erroneous information in the pre-sentence report; irregularities in the arrest; no preliminary hearing; illegal detention prior to arraignment; irregularities or errors in the arraignment; refusal to subpoena witnesses; lack of a full public hearing; non-disclosure of grand jury minutes; claims concerning the use of informers to convict; constitutional errors in evidentiary rulings; and insufficiency of the evidence. The circuit court denied petitioner relief on each of these grounds because petitioner offered no factual support from the record.

error in the proceedings below resulting in the judgment of which he complains, all presumptions being in favor of the correctness of the proceedings and judgment in and of the trial court." Syl. Pt. 2, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973).

Petitioner presents five assignments of error, which can be distilled to two issues: (1) whether the circuit court erred by denying habeas relief without conducting an omnibus hearing, and (2) whether the circuit court failed to make sufficient findings of fact and conclusions of law to support its ruling given the lack of an omnibus hearing. Upon our review of the record and the applicable law, we find no abuse of discretion by the circuit court in its disposition of this matter without a hearing. Additionally, we find that the circuit court's order contains adequate support for its decision to deny the petition based upon the record in the underlying proceeding.

With respect to the question of whether the circuit court must conduct an omnibus hearing, we look to West Virginia Code § 53-4A-7(a), which states as follows:

> If the petition, affidavits, exhibits, records and other documentary evidence attached thereto, or the return or other pleadings, or the record in the proceedings which resulted in the conviction and sentence, or the record or records in a proceeding or proceedings on a prior petition or petitions filed under the provisions of this article, or the record or records in any other proceeding or proceedings instituted by the petitioner to secure relief from his conviction or sentence, show to the satisfaction of the court that the petitioner is entitled to no relief, or that the contention or contentions and grounds (in fact or law) advanced have been previously and finally adjudicated or waived, the court shall enter an order denying the relief sought. If it appears to the court from said petition, affidavits, exhibits, records and other documentary evidence attached thereto, or the return or other pleadings, or any such record or records referred to above, that there is probable cause to believe that the petitioner may be entitled to some relief and that the contention or contentions and grounds (in fact or law) advanced have not been previously and finally adjudicated or waived, the court shall promptly hold a hearing and/or take evidence on the contention or contentions and grounds (in fact or law) advanced, and the court shall pass upon all issues of fact without a jury. The court may also provide for one or more hearings to be held and/or evidence to be taken in any other county or counties in the state.

The West Virginia Rules Governing Post-Conviction Habeas Corpus reinforce the principle that it is in the circuit court's discretion whether to conduct an omnibus hearing after reviewing the record from underlying proceeding. Rule 9(a) provides as follows:

> (a) *Determination by court*. - If the petition is not dismissed at a previous stage in the proceeding, the circuit court, after the answer is filed, shall, upon a review of the record, if any, determine whether an evidentiary hearing is required. If the court determines that an evidentiary hearing is not required, the court shall include in its final order specific findings of fact and conclusions of law as to why an evidentiary hearing was not required.

4

The petition in the present case is largely based upon a claim of ineffective assistance of counsel. Petitioner argues that there has been no previous ruling on this claim; therefore, the issue cannot be deemed adjudicated or waived. We agree with petitioner on this point. However, this point alone does not entitle a habeas petitioner to a full omnibus hearing.

Petitioner argues that the court was required to hold an omnibus hearing to hear from his trial counsel, Mr. Koontz, as to his advice that petitioner take the plea deal offered by the State, a decision which ultimately did not fare well for petitioner. The factual basis for petitioner's argument is that in 1983, petitioner pled guilty to the second degree murder of a twelve-year old girl and served a prison sentence of five to eighteen years as a result. Petitioner contends that by pleading guilty to the first degree murder of Judy Gore in this case, Mr. Koontz had to realize that there was zero chance that petitioner would receive mercy given his past conviction. And, without mercy as part of the sentence, there was no benefit from the dismissal of the other two charges. Essentially, petitioner argues that Mr. Koontz should have realized that a recommendation of mercy from this prosecutor carried little to no value, as evidenced by the prosecutor's comment to the *Logan Banner* subsequent to petitioner entering his plea.

Upon our review, we find no error. We have previously held that

> [i]f the facts were sufficiently developed at or before trial so that the court can rule on the issue presented without further factual development, the court may, in its discretion, decline to conduct an evidentiary hearing during the habeas proceeding and may rule on the merits of the issues by reference to the facts demonstrated on the record.

*State ex el. Farmer v. Trent,* 206 W.Va. 231, 235, 523 S.E.2d 547, 551 (1999).

That is exactly what happened here. The circuit court relied upon the record of the underlying proceeding, mainly the transcript from the plea hearing, to find that petitioner was not entitled to habeas relief. With regard to his claim that Mr. Koontz was ineffective, petitioner, prior to entering his guilty plea, confirmed his satisfaction with Mr. Koontz's representation, including his discussions with Mr. Koontz about the plea agreement, and that petitioner independently made the decision to plead guilty. The record demonstrated that Mr. Koontz negotiated a plea agreement in which the State would agree to dismiss two sexual assault charges and recommend that petitioner be granted mercy at sentencing. The record further demonstrated that the State complied with its end of the bargain, despite the prosecutor's comments to the local newspaper, which the court found in no way prejudiced petitioner. Importantly, the petitioner confirmed his understanding that, even with the State's recommendation, sentencing was in the sole discretion of the court. Hearing testimony from Mr. Koontz was simply not necessary for the court to address petitioner's habeas claims.

The final issue is whether the circuit court's order is deficient pursuant to Rule 9(a), quoted above, and West Virginia Code § 53-4A-7(c), for a lack of findings of fact and conclusions of law as to why a hearing was not necessary. West Virginia § 53-4A-7(c) provides as follows:

When the court determines to deny or grant relief, as the case may be, the court shall enter an appropriate order with respect to the conviction or sentence in the former criminal proceedings and such supplementary matters as are deemed necessary and proper to the findings in the case, including, but not limited to, remand, the vacating or setting aside of the plea, conviction and sentence, rearraignment, retrial, custody, bail, discharge, correction of sentence, resentencing, or other matters which may be necessary and proper. In any order entered in accordance with the provisions of this section, the court shall make specific findings of fact and conclusions of law relating to each of the contentions and grounds (in fact or law) advanced, shall clearly state the grounds upon which the matter was determined, and shall state whether a federal and/or state right was presented and decided. Any order entered in accordance with the provisions of this section shall constitute a final judgment, and, unless reversed, shall be conclusive.

**FILED**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

In the present case, we disagree with petitioner that the circuit court's habeas order is deficient. The circuit court's twenty-one page order recites the procedural history of the matter, sets forth the applicable law governing ineffective assistance of counsel claims, and thoroughly analyzes each of petitioner's habeas claims based upon the facts demonstrated by the record in the underlying criminal proceeding. Throughout its order, the circuit court clearly stated that it was relying on the underlying record to address petitioner's claims; therefore, subsumed within the circuit court's findings and conclusions as to each of petitioner's claims is the court's basis for why a hearing was not necessary. Accordingly, the circuit court's order complies with West Virginia Code § 53-4A-7 and Rule 9 of the Rules Governing Post-Conviction Habeas Corpus Proceedings in West Virginia.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:  April 29, 2016**

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

6