# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Mickey Daniel Jr.,**
**Petitioner Below, Petitioner**

**vs.)  No. 18-1089** (Raleigh County 2018-C-225)

**Karen Pszczolkowski, Superintendent,**
**Northern Correctional Facility,**
**Respondent Below, Respondent**

**FILED**
**June 25, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mickey Daniel Jr., by counsel Robert P. Dunlap II, appeals the Circuit Court of Raleigh County's November 9, 2018, order denying his petition for a writ of habeas corpus. Respondent Karen Pszczolkowski, Superintendent, by counsel Mary Beth Niday, filed a response. On appeal, petitioner argues that the habeas court erred in denying him the appointment of counsel to assist in his habeas appeal and in denying him an omnibus hearing on his claims.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2013, petitioner shot Johnny Nile Condia ("the victim") in the back after luring him to an abandoned building in Raleigh County, West Virginia, in order to steal his prescription medication. Petitioner then loaded the victim into the victim's car and started driving. Petitioner deliberately drove past a fire department, where he could have stopped to obtain medical treatment for the victim but did not. As he was driving by the fire department, the victim fell out of the rear passenger door of the vehicle. Witnesses called for emergency services. During the later-held plea and sentencing hearing, the State proffered that the victim could be heard saying "he robbed me, he stole my car" in the background of the recorded 9-1-1 call. Moreover, firefighters on the scene reported that the victim told them that "Mickey did this" to him. The victim was transported by ambulance to a hospital where he died as a result of the gunshot wound.

1

In August of 2014, petitioner was indicted on one count of first-degree murder and one count of first-degree murder by use of a firearm. After numerous continuances, petitioner entered into a binding plea agreement in July of 2017, whereby he agreed to plead guilty to the two counts charged in exchange for a sentence of life imprisonment with mercy. According to petitioner, approximately four days later he began requesting appointment of counsel for the purpose of filing a direct appeal, as he was under the assumption that trial counsel no longer represented him. Petitioner, without the assistance of counsel, filed a motion for reduction of sentence in August of 2017. On October 11, 2017, the circuit court held a hearing on the motion. Petitioner's trial counsel appeared and testified that the motion was not supported by any grounds for relief. As such, the motion was denied.

Thereafter, in January of 2018, petitioner, without the assistance of counsel, filed a motion to be resentenced for the purpose of filing an appeal and a motion for the appointment of counsel. The circuit court appointed current counsel for the purpose of attending to these motions and held a hearing on the matter on March 14, 2018. Upon his review of the record, current counsel advised the circuit court that petitioner's claims he believed had merit would be best addressed in a habeas proceeding, rather than on direct appeal. As such, current counsel withdrew the motion to resentence petitioner and requested that he be appointed as petitioner's habeas counsel. The circuit court denied current counsel's request to be appointed as habeas counsel, stating that the West Virginia Rules of Procedure Governing Post-Conviction Habeas Proceedings required that the habeas court determine whether the habeas petition stated grounds for relief prior to appointing counsel.

Petitioner, without the assistance of counsel, filed a petition for a writ of habeas corpus in April of 2018. Relevant to this appeal, petitioner alleged three grounds for relief: that his plea was involuntary and coerced, that his trial counsel was ineffective, and that he was denied a speedy trial.[1] Petitioner also filed a checklist pursuant to *Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981), and a motion to appoint counsel.

Without holding a hearing or appointing habeas counsel, the habeas court summarily denied petitioner habeas relief in November of 2019. In rejecting petitioner's claim that his plea was coerced, the habeas court noted that petitioner had repeatedly been advised by the trial court that his plea was voluntary and completely within his control and that he could proceed to trial rather than plead guilty. During the plea hearing, both the trial court and petitioner's trial counsel went over petitioner's rights and the State summarized the plea agreement. Petitioner confirmed that he understood the rights he was giving up and the consequences of accepting the plea agreement and persisted in pleading guilty. The habeas court noted that petitioner's claim that his counsel's father pressured him to accept the plea was not supported by the transcript of the plea hearing and that "[w]hatever his attorneys had said to him about the plea was outweighed by the court's reminders that the plea was voluntary and completely within his control."

---

[1]Specifically, in support of his argument that his plea was involuntary or coerced, petitioner claimed that his trial counsel brought trial counsel's father to the jail and forced petitioner to accept the plea by "us[ing his] kids" against him.

The habeas court, after providing a record of each term of court between petitioner's indictment and his plea, also rejected petitioner's claim that he was denied a speedy trial. The habeas court also explained the reasons for each continuance. The trial was continued a number of times due to petitioner's requests for continuances, including requests for two competency evaluations and a reduction of bond. The habeas court ultimately found that "[t]he record shows that the series of continuances were upon motion of petitioner's counsel or for good cause shown." Moreover, even if the trial court had violated petitioner's right to a speedy trial, the habeas court found that petitioner waived his right to assert error on that issue by pleading guilty.

Lastly, the habeas court summarily denied petitioner's claim that his trial counsel was ineffective. The habeas court set forth the standard for assessing ineffective assistance of counsel pursuant to *Strickland v. Washington*, 466 U.S. 668 (1984), and *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995). Regarding petitioner's claim that his trial counsel was ineffective for failing to communicate a plea deal that was "taken off the table" before he was informed of it, the habeas court found that petitioner was offered two identical plea deals that he allowed to lapse before he finally pled guilty mere days before his trial was set to begin. The habeas court noted that trial counsel acted well within the "wide range of reasonable professional assistance." Further, petitioner did not claim that the plea offer he "found out about later" was more advantageous than the two plea offers he allowed to lapse or the plea he ultimately entered into. Rather, he simply claimed that another plea offer was made and withdrawn and that he found out about it after the fact. The habeas court also found that petitioner failed to demonstrate that, if his trial counsel had acted differently, he "would have been likely to secure a more favorable outcome than had the matter gone to trial." According to the habeas court, the evidence offered by the State would have had the significant and substantial potential to result in a sentence of life without mercy. As such, the habeas court found that petitioner failed to prove his trial counsel was ineffective with regard to this claim. The habeas court likewise found no merit to petitioner's claim that his trial counsel was ineffective for failing to file a direct appeal. It is from the November 9, 2018, order denying him habeas relief that petitioner appeals.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016).

On appeal, petitioner argues that the circuit court erred in denying him appointment of counsel to assist him in the filing of his habeas corpus petition and in refusing to grant him an omnibus hearing. According to petitioner, he was without sufficient knowledge to navigate the issues he could raise pursuant to *Losh* and needed counsel to help him more fully express his claims. Additionally, petitioner claims that as a self-represented litigant, the petition he filed

adequately proffered sufficient evidence to justify the appointment of counsel and the holding of an omnibus hearing to fully present his claims. Based on the foregoing, petitioner contends that he was erroneously denied a fair opportunity to address his claims and that the habeas court erred in summarily denying his petition without appointing counsel or holding an omnibus hearing. We disagree.

It is well established that criminal defendants are not entitled to counsel or an omnibus hearing during habeas proceedings. *See State ex rel. Farmer v. Trent*, 206 W. Va. 231, 234, 523 S.E.2d 547, 550 (1999) ("It is indisputable that it is within a trial court's sound discretion to deny a habeas corpus petition without appointing counsel or conducting an omnibus hearing."). Moreover,

> [a] court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus *without a hearing and without appointing counsel* for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief.

Syl. Pt. 1, *Perdue v. Coiner*, 156 W. Va. 467, 194 S.E.2d 657 (1973) (emphasis added).

Having reviewed the record, we find no error in the circuit court's decision to deny petitioner habeas relief without the appointment of counsel or holding an omnibus hearing on the basis that the record adequately set forth that he was entitled to no relief. Having made this initial finding, we turn to each of petitioner's other assignments of error in turn.

Involuntary or Coerced Plea

In his habeas petition, petitioner claimed that he was coerced into accepting the plea agreement when his trial counsel's father came to the jail and used petitioner's children as a means of forcing him to accept the plea offer. This Court outlined the procedures a circuit court should employ to ensure the voluntariness of a plea in *Call v. McKenzie*, 159 W. Va. 191, 220 S.E.2d 665 (1975). Specifically, we held that

> [t]he trial judge should interrogate such defendant on the record with regard to his intelligent understanding of the following rights, some of which he will waive by pleading guilty: 1) the right to retain counsel of his choice, and if indigent, the right to court appointed counsel; 2) the right to consult with counsel and have counsel prepare the defense; 3) the right to a public trial by an impartial jury of twelve persons; 4) the right to have the State prove its case beyond a reasonable doubt and the right of the defendant to stand mute during the proceedings; 5) the right to confront and cross-examine his accusers; 6) the right to present witnesses in his own defense and to testify himself in his own defense; 7) the right to appeal the conviction for any errors of law; 8) the right to move to suppress illegally obtained evidence and illegally obtained confessions; and, 9) the right to challenge in the trial court and on appeal all pre-trial proceedings.

*Id.* at 191-92, 220 S.E.2d at 667, syl. pt. 3. Additionally, when a defendant pleads guilty pursuant to a plea bargain, "the trial court should spread the terms of the bargain upon the record and interrogate the defendant concerning whether he understands the rights he is waiving by pleading guilty and whether there is any pressure upon him to plead guilty other than the consideration admitted on the record." *Id.* at 192, 220 S.E.2d at 667-68, syl. pt. 4. Finally,

> [a] trial court should spread upon the record the defendant's education, whether he consulted with friends or relatives about his plea, any history of mental illness or drug use, the extent he consulted with counsel, and all other relevant matters which will demonstrate to an appellate court or a trial court proceeding in [h]abeas corpus that the defendant's plea was knowingly and intelligently made with due regard to the intelligent waiver of known rights.

*Id.* at 192, 220 S.E.2d at 668, syl. pt. 5.

Having reviewed the plea hearing transcript, it is clear that the trial court complied with the process set forth in *Call*. The trial court specifically informed petitioner of all the rights he would be waiving by pleading guilty. Further, the State set forth the terms of the plea agreement on the record, and the trial court interrogated petitioner as to whether he understood those terms. Petitioner acknowledged the rights he would be waiving and indicated that he understood the terms of the plea agreement, including the associated sentence. The trial court also informed petitioner that it was his right to proceed to trial and asked petitioner whether he was knowingly, intelligently, and voluntarily deciding to enter into a plea agreement. Petitioner agreed that his plea agreement was knowingly, intelligently, and voluntarily made, and that he desired to proceed to enter his plea. As such, the record supports the habeas court's findings that petitioner had been repeatedly advised by the trial court that it was his decision whether to accept the plea and that it was completely within his control and that he could proceed to trial rather than plead guilty. Moreover, the habeas court correctly noted that the transcript demonstrates that petitioner did not mention any alleged behavior of his trial counsel's father with regard to the voluntariness of his plea. Given that the record shows that the trial court complied with our instructions in *Call* and that petitioner did not raise any issue with trial counsel's father's actions or the voluntariness of his plea at the plea hearing, we find that he is entitled to no relief in this regard. Therefore, the habeas court did not err in denying petitioner counsel or an omnibus hearing on this issue.

<u>Denial of the Right to a Speedy Trial</u>

In his habeas petition, petitioner also claimed that he was denied the right to a speedy trial. This Court has previously held that

> when an accused is charged with a felony or misdemeanor and arraigned in a court of competent jurisdiction, if three regular terms of court pass without trial after the presentment or indictment, the accused shall be forever discharged from prosecution for the felony or misdemeanor charged unless the failure to try the accused is caused by one of the exceptions enumerated in the statute." Syllabus, *State v. Carter*, 204 W.Va. 491, 513 S.E.2d 718 (1998).

Syl. Pt. 1, in part, *State v. Damron*, 213 W. Va. 8, 576 S.E.2d 253 (2002). West Virginia Code § 62-3-21 provides, in part, that a criminal defendant indicted on a felony offense shall be tried within three terms of court

> unless the failure to try him was caused by his insanity; or by the witnesses for the State being enticed or kept away, or prevented from attending by sickness or inevitable accident; or by a continuance granted on the motion of the accused; or by reason of his escaping from jail, or failing to appear according to his recognizance, or of the inability of the jury to agree in their verdict.

The term in which the indictment is returned does not count under the three-term rule. *See State v. Fender*, 165 W. Va. 440, 446, 268 S.E.2d 120, 124 (1980). Further, any terms in which the defendant requests a continuance or prevents the trial from being held are not counted. *Id.* at 440, 268 S.E.2d 121, syl. pt. 1. Lastly, any term during which the court does not have time to rule on motions or pleas filed by the defendant and the term passes as a result does not count towards the three-term rule. *See State v. Bias*, 177 W. Va. 302, 316, 352 S.E.2d 52, 66 (1986). In determining whether a defendant's trial has been unreasonably delayed, this Court set forth a four-factor test in Syllabus Point 6 of *State v. Jessie*, 225 W. Va. 21, 689 S.E.2d 21 (2009). Factors to be considered are the length of the delay, the reasons for the delay, the defendant's assertion of his rights, and prejudice to the defendant. *Id.* Relevant to this case, Raleigh County's terms begin on the first Monday in January, the first Monday in May, and the second Tuesday in September. W. Va. Tr. Ct. R. 2.06.

Here, the record is clear that nearly all continuances during the underlying proceedings were attributable to petitioner. Petitioner was indicted in the May of 2014 term, which does not count toward the three-term rule. Petitioner requested continuances during the September of 2014, January of 2015, and May of 2015 terms. During the September of 2015 term, petitioner filed a motion to reduce or modify bond but failed to appear at the scheduled hearing. Accordingly, the hearing was rescheduled to the next term due to petitioner's nonappearance. During the January of 2016 term, petitioner filed a request for a second competency evaluation and requested another bond hearing. The circuit court held a lengthy hearing on petitioner's motion and continued the trial to the next term, charging the continuance to petitioner. Continuances were also charged to petitioner during the May of 2016 and September of 2016 terms due to petitioner's and his trial counsel's nonappearance at hearings. Respondent concedes that the January of 2017 term counts towards the three-term rule. Finally, petitioner pled guilty during the May of 2017 term. Based on the foregoing, all but one of the continuances are excluded from consideration in the calculation of the three-term rule. The remaining continuances are clearly the result of petitioner's requests for continuances, hearings on his motions, or his nonappearance. Consequently, we find that petitioner was not entitled to relief and that the habeas court did not err in denying petitioner counsel or an omnibus hearing with regard to this claim.

<u>Ineffective Assistance of Counsel</u>

Petitioner also contended that his trial counsel was ineffective for two reasons.[2] First, petitioner claimed that his trial counsel failed to communicate a plea offer to him until after it had been "taken off the table." Second, petitioner claimed that his trial counsel failed to file a direct appeal despite petitioner's communication to trial counsel that he should do so. At the outset, we note that petitioner is correct that allegations of ineffective assistance of counsel often must be litigated in a collateral proceeding. *State ex rel. Watson v. Hill*, 200 W. Va. 201, 204, 488 S.E.2d 476, 479 (1997); *Losh v. McKenzie*, 166 W.Va. 762, 767, 277 S.E.2d 606, 610 (1981). However, as noted above, appointment of habeas counsel and the holding of an omnibus hearing may not be necessary when the record is clear that a petitioner is unable to establish entitlement to relief. *Purdue*, 156 W. Va. at 467, 194 S.E.2d at 658, syl. pt. 1. As discussed more thoroughly below, the habeas court was able to determine from the record that petitioner's trial counsel was effective and that he was not entitled to relief.

We have previously held that

> [i]n the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

*Miller*, 194 W. Va. at 6, 459 S.E.2d at 117, syl. pt 5. "Failure to meet the burden of proof imposed by either part of the *Strickland/Miller* test is fatal to a habeas petitioner's claim." *State ex rel. Vernatter v. Warden, W. Va. Penitentiary*, 207 W. Va. 11, 17, 528 S.E.2d 207, 213 (1999) (citing *State ex rel. Daniel v. Legursky*, 195 W. Va. 314, 321, 465 S.E.2d 416, 423 (1995)). The *Strickland* test also applies to a conviction based upon a defendant's guilty plea. *See Hill v. Lockhart*, 474 U.S. 52 (1985). Regarding the second prong of *Strickland*, in cases including plea agreements the test

> focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

*Id*. at 59.

---

[2]In his brief on appeal, petitioner also claims that his counsel was ineffective for coercing him into accepting a plea agreement. However, as found above, the record reveals that petitioner knowingly, intelligently, and voluntarily entered into his plea agreement. Accordingly, this aspect of petitioner's argument is without merit.

In looking at the first prong of the *Strickland/Miller* test, we cannot find that petitioner's trial counsel's assistance was deficient under an objective standard of reasonableness. Regarding petitioner's claim that his trial counsel failed to communicate a plea offer, the record indicates that the State set forth each plea agreement offered at the plea hearing. The first plea offer was made on September 9, 2015, and was specifically rejected by petitioner. A second plea offer was made sometime thereafter but was subsequently withdrawn by the State on June 22, 2017, as the plea offer had expired. Petitioner then accepted the third plea offer made by the State. In his petition, petitioner fails to set forth what plea offer was not communicated to him by counsel. Moreover, during the State's proffer of the plea agreements offered, petitioner did not claim that he was unaware of one of the pleas or that a fourth plea had been offered but not communicated to him by his trial counsel. Accordingly, petitioner failed to demonstrate that his trial counsel's actions fell below an objective standard of reasonableness under the circumstances of this case.

We likewise find that trial counsel was not ineffective for refraining from filing a direct appeal on petitioner's behalf. Following sentencing, petitioner, without the assistance of counsel, filed a motion for a reduction of sentence in August of 2017. At the hearing held in October of 2017, petitioner's trial counsel appeared and advised the trial court that there were no grounds to support the motion. Thereafter, petitioner, again without the assistance counsel, filed a motion to be resentenced for the purpose of appeal and requested appointed counsel. The trial court appointed present counsel to address the motions. Present counsel subsequently withdrew the motion to resentence petitioner for purposes of appeal and instead requested to be appointed as habeas counsel, as he believed petitioner's claims were more suitable for habeas proceedings. Accordingly, petitioner's current counsel essentially conceded, during the post-conviction proceedings below, that he agreed with trial counsel's assessments that there were no viable claims to raise in a direct appeal. On this record, we find that petitioner's trial counsel's assistance did not fall below an objective standard of reasonableness.

While petitioner's failure to satisfy the first prong of *Strickland/Miller* is fatal to his claim, we nevertheless address the second prong of *Strickland/Miller*. Petitioner fails to prove that there was a reasonable probability that, but for trial counsel's ineffective assistance, he would have insisted on going to trial. *Hill*, 474 U.S. at 59. As noted by the circuit court, petitioner failed to argue that the unidentified plea agreement that allegedly was not communicated to him was (1) better than the plea he accepted or (2) would have caused him to reject the plea and proceed to trial. Rather, petitioner simply claimed that the plea offer was not communicated to him without noting what, if any, prejudice he suffered. Further, petitioner fails to prove what prejudice he suffered by his trial court's alleged failure to allow him to file a direct appeal. As noted above, petitioner's current counsel believed that petitioner had no viable claims for appeal. Further, petitioner was provided an avenue for raising grounds for relief in that he was able to file a petition for a writ of habeas corpus below. Interestingly, petitioner does not describe what claims he would have raised on direct appeal if his trial counsel had complied with his request. Therefore, we find that petitioner failed to satisfy the second prong of *Strickland/Miller* and his entire claim regarding ineffective assistance of counsel fails. Accordingly, we find no error in the habeas court's denial of habeas counsel and an omnibus hearing on this ground.

For the foregoing reasons, we affirm the circuit court's November 9, 2018, order denying petitioner's petition for a writ of habeas corpus.

Affirmed.

**ISSUED:**  June 25, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison