**STATE OF WEST VIRGINIA**

**Rickie Greenfield Jr.,**
**Petitioner Below, Petitioner**

**vs.)  No. 19-0806** (Berkeley County 18-C-35)

**Donnie Ames, Superintendent,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

**FILED**
**February 2, 2021**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Rickie Greenfield Jr., by counsel S. Andrew Arnold, appeals the Circuit Court of Berkeley County's July 24, 2019, order denying his petition for a post-conviction writ of habeas corpus. Donnie Ames, Superintendent, Mt. Olive Correctional Complex, by counsel Scott E. Johnson, filed a response in support of the circuit court's order. Petitioner filed a reply. On appeal, petitioner argues that the circuit court erred in denying his petition because he received ineffective assistance of trial counsel during the plea negotiation phase of his underlying criminal proceeding.[1]

---

[1]Petitioner sets forth a second assignment of error asserting that the "denial of his [p]etition violated his fourth amendment rights." In support, petitioner claims that law enforcement violated his rights by accessing his cell phone data to effectuate his arrest and that the circuit court "over-stepped [its] judicial role in framing an argument for the prosecution's benefit" when ruling on his motion for judgment of acquittal. However, petitioner's brief in support of this assignment of error is inadequate, as it fails to include specific citations to the record or the authorities relied on. Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires that

> [t]he brief must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on . . . [and] must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

(continued . . . )

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2013, petitioner was indicted on one count of murder, based upon allegations that he killed his estranged wife by striking her in the head multiple times with a hammer. During a pretrial hearing in May of 2014, the parties held a discussion on the record about the State's offers for plea agreements prior to trial. According to the State, petitioner was offered two plea agreements; one which would have required him to plead guilty to first-degree murder with mercy, and another which would have required him to plead guilty to second-degree murder with the maximum possible penalty. The State indicated that petitioner rejected both offers. Petitioner's trial counsel stated that he explained these offers to petitioner, informing him that parole would not be guaranteed if he accepted the plea that would result in a sentence of life, with mercy. Counsel further detailed his explanation to petitioner of the terms of the plea offer concerning second-degree murder, informing petitioner that the maximum penalty he would face would be forty years of incarceration and of the possibility that he could discharge his sentence sooner based on credit for "good time." Counsel also indicated that he relayed a counter proposal to the State's offers by suggesting a plea agreement for voluntary manslaughter "because there could be facts in the case that might support that" conviction. According to petitioner's counsel, the State rejected this offer. During the hearing, petitioner's counsel was unequivocal that he "communicated all of that to my client." Petitioner then addressed the trial court and confirmed that everything laid on the record in regard to plea negotiations was accurate. Petitioner also affirmatively stated that he rejected the State's plea offers and that no one, including his trial counsel, coerced or forced him to reject those offers in favor of proceeding to trial. Specifically, petitioner's counsel asked petitioner if counsel "in any way, shape, or form sa[id] you should go to trial and roll the dice," to which petitioner responded, "[n]o, sir." Petitioner further indicated

Additionally, in an Administrative Order entered December 10, 2012, Re: Filings That Do Not Comply With the Rules of Appellate Procedure, the Court specifically noted that "[b]riefs that lack citation of authority [or] fail to structure an argument applying applicable law" are not in compliance with this Court's rules. Further, "[b]riefs with arguments that do not contain a citation to legal authority to support the argument presented and do not 'contain appropriate and specific citations to the record on appeal . . .' as required by rule 10(c)(7)" are not in compliance with this Court's rules. Here, petitioner's brief in regard to his assignment of error is inadequate as it fails to comply with West Virginia Rule of Appellate Procedure 10(c)(7) and our December 10, 2012, administrative order. With the exception of a lone citation to a case from the United States Supreme Court, which petitioner does not apply to the facts of his case, petitioner fails to include authority in support of this assignment of error and fails to structure an argument applying applicable law. Petitioner also fails to pinpoint in the record where these issues were presented to the lower tribunals. Accordingly, the Court will not address the assignment of error on appeal.

that it was his desire to proceed to trial. Based on this discussion, the trial court found that it was "satisfied that we have the two offers on the table fully addressed on the record and the [petitioner] has indicated his knowing, voluntary, and intelligent objections to those offers made."

Following a four-day jury trial in January of 2015, petitioner was found guilty of first-degree murder. After the jury declined to recommend mercy, petitioner was sentenced to a term of life imprisonment, without the possibility of parole. Petitioner appealed his conviction, and this Court affirmed. *See State v. Greenfield*, 237 W. Va. 773, 791 S.E.2d 403 (2016).

In March of 2019, petitioner filed a petition for a writ of habeas corpus, alleging, among other things, that he was denied effective representation of counsel during the plea negotiation phase of his criminal proceeding. According to petitioner, his trial counsel advised him not to accept a plea and, instead, proceed to trial. Without holding a hearing, the circuit court dismissed the petition. According to the court, petitioner failed to show that his trial counsel's performance in regard to plea negotiations was deficient under an objective standard of reasonableness. Further, the court found that the record showed "that the [p]etitioner made the decision to go to trial on his own, and not as a result of coercion or pressure from his counsel." Most importantly, the court found that the record contradicted petitioner's assertion that counsel advised him to reject the State's plea offers and instead proceed to trial, as petitioner plainly stated at the pretrial hearing that it was his decision to proceed to trial after he rejected the State's plea offers and the State rejected his counteroffer. Based on the record, the court found that petitioner was entitled to no relief and denied his petition. It is from the order denying his petition for a writ of habeas corpus that petitioner appeals.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W. Va. 375, 701 S.E.2d 97 (2009).

On appeal, petitioner argues there was a reasonable probability that, but for his trial counsel's ineffective representation, the result of the proceedings would have been different. According to petitioner, his counsel did not advise him to accept one of the plea offers, but, instead, suggested that petitioner should proceed to trial to pursue a conviction of voluntary manslaughter. According to petitioner, if the habeas court had provided an omnibus evidentiary hearing on his petition, he would have testified that counsel advised him not to accept the State's plea offers and that he "believed that the only result of a trial would be voluntary manslaughter and that he would have accepted murder two but for the advice of counsel." Accordingly, petitioner asserts that counsel's advice was insufficient and objectively unreasonable such that petitioner was unable to knowingly and voluntarily decide whether to accept or reject the State's

3

plea offers. We do not agree.

It is well established that

"'[a] court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing . . . if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief." Syllabus Point 1, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973).' Syl. Pt. 2, *White v. Haines*, 215 W.Va. 698, 601 S.E.2d 18 (2004).

Syl. Pt. 3, in part, *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016). Further, we have held that

[i]f the facts were sufficiently developed at or before trial so that the court can rule on the issue presented without further factual development, the court may, in its discretion, decline to conduct an evidentiary hearing during the habeas proceeding and may rule on the merits of the issues by reference to the facts demonstrated on the record.

*State ex el. Farmer v. Trent*, 206 W. Va. 231, 235, 523 S.E.2d 547, 551 (1999). Here, the record is abundantly clear, even absent an omnibus evidentiary hearing, that petitioner was not entitled to relief for his claim of ineffective assistance of counsel.

The standard for evaluating claims of ineffective assistance of counsel is well established:

In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

Syl. Pt. 5, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995). Further,

[i]n reviewing counsel's performance, courts must apply an objective standard and determine whether, in light of all the circumstances, the identified acts or omissions were outside the broad range of professionally competent assistance while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Thus, a reviewing court asks whether a reasonable lawyer would have acted, under the circumstances, as defense counsel acted in the case at issue.

*Id.* at 6-7, 459 S.E.2d at 117-18, syl. pt. 6. Finally, this Court has warned that "[u]nder the[] rules and presumptions [established in *Strickland* and its progeny], the cases in which a defendant may prevail on the ground of ineffective assistance of counsel are few and far between one another."

*Id.* at 16, 459 S.E.2d at 127. As it relates to petitioner's allegation that counsel was ineffective in counseling him to reject plea offers and proceed to trial, the Court notes that "[w]e have applied the foregoing *Miller/Strickland* standards for evaluation of ineffective assistance of counsel claims to cases involving guilty pleas." *Raines v. Ballard*, 236 W. Va. 588, 782 S.E.2d 775 (2016) (citations omitted).

Our review of the record on appeal clearly shows that petitioner's allegations against trial counsel are entirely without support, given that petitioner unequivocally informed the circuit court in his criminal proceeding that it was his decision to reject the State's plea offers and proceed to trial. Given that petitioner was clear that counsel did not encourage him to "roll the dice" by proceeding to trial, we find that petitioner has no valid basis upon which to claim that counsel engaged in ineffective assistance by advising petitioner to reject either of the State's plea offers. Petitioner's argument that he would not have proceeded to trial absent counsel's advice is simply untenable, given the overwhelming evidence to the contrary in the record. Because petitioner's assertion that counsel's performance was deficient under an objective standard of reasonableness has no basis in the record, he cannot satisfy the first prong of the *Strickland* test. Therefore, the court was free to summarily dismiss the habeas petition because the record showed that petitioner was entitled to no relief. *See* Syl. Pt. 5, *State ex rel. Daniel v. Legursky*, 195 W. Va. 314, 465 S.E.2d 416 (1995) ("In deciding ineffective of assistance claims, a court need not address both prongs of the conjunctive standard of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995), but may dispose of such a claim based solely on a petitioner's failure to meet either prong of the test.").

For the foregoing reasons, we find no error in the decision of the circuit court, and its July 24, 2019, order is hereby affirmed.

Affirmed.

**ISSUED**:  February 2, 2021

**CONCURRED IN BY**:

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton