STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

**FILED**

**June 23, 2021**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Richard "Ricky" Booth, Jr.,**
**Petitioner Below, Petitioner**

**vs.)  No. 19-1191** (Ohio County 18-C-184)

**Karen Pszczolkowski, Superintendent,**
**Northern Correctional Facility,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Richard "Ricky" Booth, Jr., by counsel Jeremy B. Cooper, appeals the Circuit Court of Ohio County's June 7, 2019, order denying his third petition for a writ of habeas corpus. Respondent Karen Pszczolkowski, Superintendent, Northern Correctional Center, by counsel Holly M. Flanigan, filed a response to which petitioner submitted a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was arrested on March 21, 2007, following an investigation into an attempted purse-snatching in Wheeling, West Virginia. On May 14, 2007, he was indicted by the grand jury on two counts of the felony offense of robbery in the first degree, one count of the felony offense of assault during the commission of or attempt to commit a felony, and one count of the felony offense of conspiracy. On June 8, 2007, petitioner pled guilty to first-degree robbery. As part of his plea agreement, the State agreed not to recommend any sentence higher than that recommended by the probation officer and to not file a recidivist information. In addition, petitioner agreed to give a truthful statement regarding the crime. The probation officer ultimately recommended an eighty-year sentence.

During his plea hearing, petitioner was advised that he should not enter a guilty plea unless he believed he was guilty of the crime with which he was charged. He was also advised of all of his rights and the rights he would be giving up if he entered a guilty plea. In response, he acknowledged his understanding of the same and that his guilty plea was the result of negotiations his attorney conducted with the State. During petitioner's plea colloquy, he also acknowledged

1

that he was satisfied with the representation of his attorney and did not voice any concerns or objections regarding the same. By order entered on December 3, 2007, petitioner was sentenced to eighty years of incarceration. Petitioner filed a direct appeal alleging a disproportionate sentence. This Court heard argument on that issue and affirmed petitioner's sentence. *State v. Booth*, 224 W. Va. 307, 685 S.E.2d 701 (2009). Petitioner sought certiorari from the United States Supreme Court, which was denied. *Booth v. West Virginia*, 130 S.Ct. 2365 (2010).

Petitioner filed his first petition for a writ of habeas corpus on or about August 11, 2010, arguing that his sentence was disproportionate, his guilty plea was involuntary, and he received ineffective assistance of counsel because counsel recommended he enter a guilty plea. The circuit court denied that petition, and petitioner appealed that denial to this Court. On appeal, this Court affirmed in part, finding no error in the circuit court's determination that petitioner's claim of disproportionality was without merit, but remanded for findings of fact and conclusions of law on petitioner's other grounds for habeas corpus relief. *Booth v. Ballard*, No. 11-0085, 2012 WL 3002530 (W. Va. June 8, 2012) (memorandum decision). On remand, the circuit court again denied petitioner's first petition for a writ of habeas corpus.

Petitioner filed his second petition for a writ of habeas corpus on or about February 14, 2018, asserting only ineffective assistance of counsel. That petition was also denied by the circuit court. Petitioner did not appeal that decision to this Court. Petitioner, acting as a self-represented litigant, then filed his third petition for writ of habeas corpus on or about August 17, 2018. Thereafter, his newly appointed habeas counsel filed an amended petition in October of 2019, which is the petition at issue in the instant appeal.

In his amended third petition for a writ of habeas corpus, petitioner set forth eight assignments of error, including unconstitutionally disproportionate sentence, ineffective assistance of counsel, involuntary guilty plea, insufficient evidence, question of actual guilt upon acceptable guilty plea, mental incompetency at the time of the crime, mental incompetency at the time of trial, and incapacity to stand trial due to drug use. According to the circuit court, petitioner conceded that his claim of unconstitutionally disproportionate sentence had been fully litigated and was res judicata; however, he, alternatively, argued that his co-defendant was sentenced disproportionately to him and that issue had not been litigated. He pointed out that the co-defendant was sentenced to fifty years for burglary, with an additional five years due to charges from a separate occurrence. In addressing the difference in sentences imposed, the circuit court found that petitioner was an actor in the underlying crimes, whereas the co-defendant was simply a conspirator, rendering it more than appropriate that petitioner received a severer sentence.

Petitioner's second ground below was ineffective assistance of counsel, and the circuit court characterized grounds three through eight as "fall[ing] under the purview of 'ineffective assistance of counsel.'" The circuit court, therefore, addressed grounds two through eight as ineffective assistance of counsel. According to the circuit court, the primary basis behind the ineffective assistance of counsel claims stem from petitioner's belief that the plea agreement was not in his best interest. As the court explained, petitioner believes that his counsel did not do enough to get a better deal for him, specifically asserting that his previous counsel should have set forth a "diminished capacity" defense due to petitioner's allegation that he took Xanax prior to committing the criminal acts. In cursory fashion, the circuit court quotes large portions of West

Virginia Code § 53-4A-1, including that the contentions raised in the petition will be considered waived or previously adjudicated if:

> petitioner could have advanced, but intelligently and knowingly failed to advance, such contention or contentions and grounds before trial, at trial, or on direct appeal (whether or not said petitioner actually took an appeal), or in a proceeding or proceedings on a prior petition or petitions filed under the provisions of this article, or in any other proceeding or proceedings instituted by the petitioner to secure relief from his conviction or sentence, unless such contention or contentions and grounds are such that, under the Constitution of the United States or the Constitution of this State, they cannot be waived under the circumstances giving rise to the alleged waiver.

*Id.* § 53-4A-1(c), in part. The court found that if such contentions are considered waived, there is a rebuttable presumption that petitioner intelligently and knowingly failed to advance such contentions and grounds. *See* W. Va. Code § 53-4A-1.

In its June 7, 2019, order, the circuit court denied petitioner's third petition for a writ of habeas corpus for the following reasons:

> [p]etitioner's assignments of error raised in this *Third Writ* have already been litigated; and thus, are *res judicata* and any grounds yet to be asserted and litigated, are deemed waived under West Virginia law. Furthermore, the only possible surviving assignments of error are ineffective assistance of counsel and the newly asserted subsets of ineffective assistance of counsel, which are, even if considered on the merits, without merit. In this *Third Writ*, notwithstanding *res judicata* and waiver nullifying the legal validity of [p]etitioner's claims, out of an abundance of caution, the [c]ourt provided [p]etitioner with counsel and considered the merits of [p]etitioner's third claim for ineffective assistance of counsel. Nevertheless, after reviewing the claim, the [c]ourt has determined to **FIND** that [p]etitioner's claim is without merit.

It went on to find that it would not reverse petitioner's conviction and/or reduce his sentence on his alleged voluntary intoxication on the date of the crime.

> Under that line of reasoning, a great number of convicted persons stand to be released and/or have their sentence reduced via a habeas corpus petition as many persons convicted of crimes by plea or verdict are intoxicated while committing crimes. Furthermore, the factual circumstances underlying th[is Court's] precedent set forth by [p]etitioner involves the charge of first degree murder, not robbery. . . . In the present case, the only evidence of [p]etitioner's intoxication is that he and his cohorts alleged they had taken Xanax. Bald assertions made by [d]efendant(s) are insufficient to set forth a viable 'diminished capacity' defense.

The circuit court went on to find all of petitioner's ineffective assistance of counsel claims were without merit. It, therefore, denied petitioner's third petition for writ of habeas corpus. Petitioner

3

appeals from that order.

This Court reviews a circuit court order denying a habeas petition under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016). Further, "[a] prior omnibus habeas corpus hearing is res judicata as to all matters raised and as to all matters known or which with reasonable diligence could have been known," but "an applicant may still petition the court on the following grounds: ineffective assistance of counsel at the omnibus habeas corpus hearing[.]" Syl. Pt. 4, in part, *Losh v. McKenzie,* 166 W. Va. 762, 277 S.E.2d 606 (1981). Additionally, "[o]n an appeal to this Court[,] the appellant bears the burden of showing that there was error in the proceedings below resulting in the judgment of which he complains, all presumptions being in favor of the correctness of the proceedings and judgment in and of the trial court." Syl. Pt. 1, *White v. Haines*, 215 W.Va. 698, 601 S.E.2d 18 (2004) (quoting Syl. Pt. 2, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973)).

On appeal, petitioner sets forth four assignments of error. First, he argues that the circuit court erred by denying his motion for funding to retain an expert to testify regarding petitioner's alleged diminished capacity. He asserts that a diminished capacity defense must be supported by an expert witness. Syl. Pt. 3, *State v. Joseph*, 214 W. Va. 525, 590 S.E.2d 718 (2003). Petitioner argues that without an expert witness to opine whether a meritorious diminished capacity claim would have existed at the time of trial, any such claim would be inherently speculative. He further contends that claims regarding competency to stand trial or criminal responsibility would be impossible to advance in a habeas proceeding without the help of an expert.

As we have stated, "it is important to note that, unlike the insanity defense, evidence of diminished capacity does not establish a complete defense." *State v. Joseph,* 214 W.Va. 525, 530, 590 S.E.2d 718, 723 (2003). In *Joseph*, we found that

> [t]he diminished capacity defense is available in West Virginia to permit a defendant to introduce expert testimony regarding a mental disease or defect that rendered the defendant incapable, at the time the crime was committed, of forming a mental state that is an element of the crime charged. This defense is asserted ordinarily when the offense charged is a crime for which there is a lesser included offense. This is so because the successful use of this defense renders the defendant not guilty of the particular crime charged, but does not preclude a conviction for a lesser included offense.

214 W. Va. at 526-27, 590 S.E.2d 719-20, Syl. Pt. 3. In addition, as set forth by this Court in

*v. Simmons,* 172 W. Va. 590, 600, 309 S.E.2d 89, 99 (1983), "[t]he existence of a mental illness is not alone sufficient to trigger a diminished capacity defense. It must be shown by psychiatric testimony that some type of mental illness rendered the defendant incapable of forming the specific intent elements." Petitioner's motion for expert funding filed with the habeas court is essentially a single substantive paragraph, requesting "funding to obtain the services of a forensic psychologist to opine concerning [p]etitioner's mental state at the time of the events underlying the indictment, when the record supports that petitioner was under the influence of a massive dose of benzodiazepines." Therein, he also asserted that the requested experts[1] are relevant and necessary "for the proof of [p]etitioner's habeas claims." Aside from citing West Virginia Trial Court Rule 35, petitioner did not cite any law in support of his motion.[2] The circuit court did not rule directly on the motion but impliedly denied it by summarily denying the petition for habeas relief.

As we previously found, "[v]oluntary intoxication and self-defense are affirmative defenses. The time for the accused to present evidence of an affirmative defense is at trial, however, when the accused enters a plea of guilt, he waives his right to present such evidence and make such claims and requests." *Tamburo v. Pszczolkoski*, No. 14-0287, 2015 WL 3751825, at *8 (W. Va. June 15, 2015) (memorandum decision). Additionally, "[t]his Court has recognized that voluntary intoxication does not ordinarily excuse a crime. Voluntary intoxication may, however, reduce the degree of the crime or negate a specific intent." *State v. Skidmore*, 228 W. Va. 166, 171, 718 S.E.2d 516, 521 (2011) (citation omitted). During his plea hearing, petitioner denied receiving any treatment for psychological or mental conditions, in addition to affirming that he had had the opportunity to discuss possible defenses with his attorney. Like Mr. Tamburo, petitioner "had the opportunity to assert these defenses but weighted the risks of trial and chose to enter into a plea agreement thereby waiving his right to a jury trial and these defenses." *Tamburo*, 2015 WL 3751825, at *8. For these reasons, we find that the circuit court did not err in impliedly denying petitioner's motion to fund an expert related to his alleged diminished capacity, filed not at the time of the entry of petitioner's plea of guilty but upon the filing of his third petition for a writ of habeas corpus.

Petitioner next argues that the circuit court erred by denying his ineffective assistance of counsel claims without conducting an omnibus hearing. In support of that contention, he asserts that the ineffective assistance deprived him of due process. He argues that his counsel was ineffective because he did not advise petitioner concerning the "serious defect in the State's case" against him or retain an expert to assess the victim's medical records to determine whether her injuries actually resulted from the attempted purse-snatching. Without citing to the record, petitioner argues that despite his counsel's knowledge of petitioner's extensive history of drug use, counsel failed to litigate the issue of petitioner's mental competency to stand trial, his criminal responsibility at the time of the alleged robbery, and whether petitioner suffered from diminished capacity to an extent that would prevent him from forming the intent that is an essential element

---

[1] In his motion, petitioner also requested funding to hire an expert to testify as to the victim's injuries.

[2] Rule 35.01(b) of the West Virginia Trial Court Rules provides that a motion for public funding for expert assistance "shall state the reasons why the assistance is necessary for an adequate presentation of the case or defense. It may be supported by affidavit."

of the crime of robbery (the intent to permanently deprive).[3] Again failing to cite to the record, petitioner asserts that there were "serious implications to both the State's proof and relevant sentencing considerations," stemming from whether the victim's injury was caused by petitioner trying to take the victim's purse. In direct contradiction to his responses to the circuit court during his plea hearing, petitioner now asserts that he was never advised as to any of the potential defenses in support of his ineffective assistance of counsel claim.

In West Virginia, claims of ineffective assistance of counsel are governed by the two-prong standard set forth in *Strickland v. Washington,* 466 U.S. 668, 669 (1984): "(1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Syl. Pt. 5, in part, *State v. Miller,* 194 W. Va. 3, 459 S.E.2d 114 (1995).

> In reviewing counsel's performance, courts must apply an objective standard and determine whether, in light of all the circumstances, the identified acts or omissions were outside the broad range of professionally competent assistance while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Thus, a reviewing court asks whether a reasonable lawyer would have acted, under the circumstances, as defense counsel acted in the case at issue.

*Id.* at Syl. Pt. 6.

"When assessing whether counsel's performance was deficient, we 'must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]'" *Id.* at 15, 459 S.E.2d at 126 (citation omitted). Further, "[t]o demonstrate prejudice, a defendant must prove there is a 'reasonable probability' that, absent the errors, the jury would have reached a different result." *Id.* As a result, petitioner "bears a difficult burden because constitutionally accepted performance is not defined narrowly and encompasses a 'wide range.'" *Id.* at 16, 459 S.E.2d at 127. Indeed,

> [t]he test of ineffectiveness has little or nothing to do with what the *best* lawyers would have done. Nor is the test even what most good lawyers would have done. We only ask whether a reasonable lawyer would have acted, under the

---

[3] Throughout his brief, petitioner makes factual assertions without the required citations to the record. Therefore, we remind petitioner that Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires, in relevant part, as follows:

> The brief must contain an argument exhibiting clearly the points of fact and law presented . . . . The argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

circumstances, as defense counsel acted in the case at issue. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at the time, in fact, worked adequately.

*Id.* Consequently, "the cases in which a defendant may prevail on the ground of ineffective assistance of counsel are few and far between one another." *Id.* Further, "[i]n deciding ineffective assistance of counsel claims, a court need not address both prongs of the conjunctive standard of *Strickland v. Washington* . . . and *State v. Miller*, . . . but may dispose of such a claim based solely on a petitioner's failure to meet either prong of the test." Syl. Pt. 5, in part, *State ex rel. Daniel v. Legursky*, 195 W. Va. 314, 465 S.E.2d 416 (1995). In addition, where the criminal conviction is based upon a guilty plea, the prejudice requirement "demands that a habeas petitioner show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Syl. Pt. 6, *State ex rel. Vernatter v. Warden*, 207 W. Va. 11, 528 S.E.2d 207 (1999). "Moreover, the petitioner must also demonstrate that he was prejudiced in that he was unaware of the consequences of his plea, and, if properly advised, would not have pleaded guilty." *Id.* at Syl. Pt. 10, in part. Finally, as set forth above, "[a] prior omnibus habeas corpus hearing is res judicata as to all matters raised and as to all matters known or which with reasonable diligence could have been known[.]" *Losh*, 166 W. Va. at 762, 277 S.E.2d at 608, Syl. Pt. 4, in part.

This assignment of error also implicates the circuit court's decision to enter its order without conducting an omnibus hearing. It is well established that criminal defendants are not entitled to counsel or an omnibus hearing during habeas proceedings. *See State ex rel. Farmer v. Trent*, 206 W. Va. 231, 234, 523 S.E.2d 547, 550 (1999) ("It is indisputable that it is within a trial court's sound discretion to deny a habeas corpus petition without appointing counsel or conducting an omnibus hearing."). Moreover,

[a] court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus *without a hearing and without appointing counsel* for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief.

*Perdue*, 156 W. Va. at 467, 194 S.E.2d at 658, Syl. Pt. 1 (emphasis added). In addition, it is important to note that this is petitioner's third petition for a writ of habeas corpus related to the same underlying charges.

Here, not only has petitioner failed to present any argument as to why he did not raise this allegation in his first or second habeas petition, he has failed to satisfy the *Strickland/Miller* test. Petitioner has not pointed to anything in his petition below, exhibits, affidavits, or other documentary evidence that shows that he was entitled to an omnibus hearing. Instead, he repeatedly refers to purportedly overwhelming evidence of his drug use[4] without citing to the record and presents arguments that are contrary to his representations to the circuit court during his plea hearing. For these reasons, we find that petitioner has failed to show that the circuit court

---

[4] In addition, this Court addressed voluntary intoxication above.

7

erred by finding that counsel was not ineffective without first holding an omnibus hearing.

Finally, petitioner argues that his sentence is unconstitutionally disproportionate in light of his co-defendant's sentence reduction. In his brief,

[p]etitoner concedes that the issue of disproportionality is *res judicata*, having been finally ruled upon by this Court in his direct appeal, which raised the sole issue of disproportionality of sentence. . . . However, [he] asserts that the matter of disproportionate sentences among his co-defendants remains at issue due to the modification of co-defendant Jessica Wood's sentence.

He points out that her sentence was modified "to spare her a potential five years of actual incarceration, by being run concurrently with a sentence for another offense that was originally run consecutively." In his argument, petitioner fails to address his role or the role of that co-defendant in the commission of the crime. He also fails to state whether Ms. Wood went to trial or set forth the charges of which she was convicted.

Petitioner acknowledges that, pursuant to Syllabus Point 2 of *State v. Buck*, 173 W. Va. 243, 314 S.E.2d 406 (1984),

[d]isparate sentences for codefendants are not per se unconstitutional. Courts consider many factors such as each codefendant's respective involvement in the criminal transaction (including who was the prime mover), prior records, rehabilitative potential (including post-arrest conduct, age and maturity), and lack of remorse. If codefendants are similarly situated, some courts will reverse on disparity of sentence alone.

Without addressing the facts, petitioner asserts that "the factors support the modification of sentence [because . . . p]etitioner exhibited greater rehabilitative potential due to his young age and less severe criminal record, and was not the prime mover behind the incident." Continuing to fail to cite to the record, he contends that it is extremely unlikely that the events leading to petitioner's conviction would have occurred "without the influence of Ms. Wood."

As we have previously stated,

"'[t]he Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syllabus Point 1, in part, *State v. Lucas*, 201 W. Va. 271, 496 S.E.2d 221 (1997)." Syllabus Point 2, *State v. Georgius*, 225 W. Va. 716, 696 S.E.2d 18 (2010).

Syl. Pt. 1, *State v. Varlas*, 243 W. Va. 447, 844 S.E.2d 688 (2020). Here, petitioner fails to set forth sufficient facts or point this Court to the information necessary to determine the respective involvement in the crime of petitioner and Ms. Wood or if they were similarly situated. However, this Court previously determined the following:

Mr. Booth was the prime mover in that he was the one who actively pursued the plan to prey on the elderly and steal money. . . . Moreover, while both he and the juvenile male followed the victim, Mrs. Schafer on the street, Mr. Booth was the one who pulled on her purse causing her to fall and resulting in her significant injuries. All of these actions took place while Mr. Booth was free on bond for the alleged commission of another felony. His post-arrest conduct for his previous charges clearly evidences a lack of a desire to change or receive help. Accordingly, we do not find that the sentence is disproportionate to the sentences received by his codefendants. There was no abuse of discretion by the circuit court in the imposition of Mr. Booth's sentence; therefore, the sentence will not be disturbed by this Court.

*Booth*, 224 W. Va. at 315-16, 685 S.E.2d at 709-10 (footnote omitted). Therefore, we find that petitioner failed to establish that his sentence is unconstitutionally disproportionate. Thus, the circuit court did not err in denying petitioner's petition for a writ of habeas corpus on this ground.

Affirmed.

**ISSUED:** June 23, 2021

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton